FILED
United States Court of Appeals
Tenth Circuit

January 4, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO LARON COLLINS,

Defendant-Appellant.

No. 07-7018

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 06-CR-030-JHP)

---

Submitted on the briefs:

John V. Butcher, Federal Public Defender; Robert A. Ridenour, Assistant Federal Public Defender; and Barry L. Derryberry, Research and Writing Specialist, Tulsa, Oklahoma, for Defendant-Appellant.

Sheldon J. Sperling, United States Attorney, and Christopher J. Wilson, Assistant United States Attorney, District of Oklahoma, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **BRISCOE,** and **LUCERO**, Circuit Judges, and **BRIMMER**, District Judge.[*]

---

[*] The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

**BRISCOE**, Circuit Judge.

_____

In this direct criminal appeal, Antonio Collins appeals only his sentence. Collins was charged with possession of five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D).  Collins offered to plead guilty to simple possession, but the government rejected this offer, and the case proceeded to trial.  After Collins testified at trial and admitted the lesser-included offenses of possession, the jury convicted him of possession of five grams or more of cocaine base (Count 1) and possession of marijuana (Count 2), both in violation of 21 U.S.C. § 844(a).  The district court sentenced Collins to 135 months for Count 1 and twenty-four months for Count 2, with the sentences to run concurrently.  On appeal, Collins contends that the district court erred in denying him a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.[1]

I.

On May 10, 2006, the Oklahoma Highway Patrol stopped Collins for

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

2

speeding and tailgating. At the time, Collins was driving a U-Haul truck and towing a trailer loaded with a Lexus vehicle. He was accompanied by a female passenger and an infant. Collins explained that he was moving from Las Vegas to his home in Arkansas. When the troopers asked if he had any illegal drugs, Collins said he did not, and consented to a search of the vehicles. The troopers found no contraband, and Collins was permitted to continue his journey.

After returning to the patrol car, the troopers reviewed a recording of Collins and his passenger speaking to one another while they were seated in the patrol car during the search. On the recording, Collins, in response to his companion's question about drugs, said "it" was in the dog food. Based on this information, the troopers again stopped Collins. When asked if he had any drugs, Collins again denied having any. The troopers searched the vehicles, and found cocaine and marijuana in a container of dog food. Collins then attempted to flee, but the troopers apprehended him and placed him under arrest. He once more denied knowledge of the drugs, and accused the troopers of planting them.

The troopers found over 40 grams of cocaine base and approximately one half-pound of marijuana. The marijuana had been divided among three bags and the cocaine was in two baggies. A set of digital scales was also found in the same location. Based on these discoveries, Collins was charged with possession of five grams or more of cocaine base with intent to distribute and possession of marijuana with intent to distribute.

3

Testimony from law enforcement officers at trial established that the packaging of the drugs was dissimilar to the individual packaging associated with drug distribution, and that the scales could have been used either to divide drugs for sale or simply to determine the total amount of the drugs. Collins testified in his defense and admitted that he possessed the drugs, but he maintained that he was only guilty of simple possession, not possession with intent to distribute. Counsel for Collins also presented this theory in both opening and closing statements. When testifying, Collins related a history of drug abuse, beginning with the use of marijuana at age 13, which progressed to drug addiction by age 15. He admitted that while a teenager, he was convicted of possession of marijuana and other crimes, and that he had served time in prison from 1999 to 2004. After his release, his drug use continued. In late 2004, while living in Las Vegas, he was using around 15 grams of crack per week. Collins testified that when he decided to return to his hometown of Banks, Arkansas, he was concerned about finding a drug supplier because of the small size of the town. As a result, he stocked up on drugs before the move. He admitted lying to the officers about having the drugs and fleeing after the drugs were found, but he testified that he did not intend to sell the drugs to anyone, and that he kept the scales in order to measure his doses so he would not overdose. Collins' girlfriend and mother also testified at trial and generally corroborated his testimony.

The jury convicted Collins of the lesser-included offenses of possession of

4

five grams or more of cocaine base, and possession of marijuana. The pre-sentence report (PSR) recommended that the court deny an offense level adjustment for acceptance of responsibility because "[t]he defendant maintained his innocence throughout these proceedings." Despite Collins' objections, the district court denied the adjustment. The court imposed a term of 135 months' imprisonment on Count 1, a term of twenty-four months' imprisonment on Count 2 to be served concurrently, and a special assessment in the amount of $200.

II.

When considering whether the district court erred in denying a request for offense level reduction, we review legal conclusions under the Sentencing Guidelines *de novo*, and review findings of fact for clear error. United States v. Marquez, 337 F.3d 1203, 1209 (10th Cir. 2003). Whether a defendant is entitled to a reduction in offense level under § 3E1.1(a) is a question of fact that we review for clear error. Id. Collins had the burden of establishing his entitlement to such a reduction by a preponderance of the evidence. Id.

Under § 3E1.1(a), if a defendant "clearly demonstrates acceptance of responsibility for his offense," the district court may grant a two-level reduction in offense level. Collins argues that he met the standard set forth in the Guidelines by offering before trial to plead guilty to the lesser-included offenses for which he was ultimately convicted, and admitting at trial that he possessed the drugs. In support of this argument, Collins directs our attention to Application

5

Note 2 to § 3E1.1, which states that

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a . . . challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Collins contends that this case is such a "rare situation." As the Application Note envisions, he admitted that he possessed the drugs, but he went to trial solely to contest whether he also had the intent to distribute the drugs. Collins was successful in limiting his convictions to two counts of simple possession. He argues that his pre-trial conduct, in offering to plead guilty to the lesser-included possession offenses, clearly establishes acceptance of responsibility.

Collins's brief does not address Application Note 1 to § 3E1.1, which lists factors that the sentencing court may take into account when considering whether the defendant qualifies for an adjustment in offense level. Several of these factors are directly applicable to this case: Note 1(d), "voluntary surrender to authorities promptly after commission of the offense"; Note 1(e), "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense"; and Note 1(h), "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." In the present case, the undisputed facts indicate that, after being stopped a second time and specifically asked about the

6

statements made in the recorded conversation, Collins continued to deny any knowledge of the drugs. When the drugs were discovered, Collins attempted to flee, rather than surrendering voluntarily. After he was caught, Collins continued to deny knowledge of the drugs and even accused the troopers of planting them. While Collins later offered to plead guilty to simple possession, the "timeliness" of this admission is suspect, as Collins only offered to plead guilty after consulting with counsel, who likely advised him that at least as to the simple possession charge, the case against him was overwhelming. All of these facts also constitute "pre-trial statements and conduct" that the district court could properly take into account under § 3E1.1. See U.S.S.G. § 3E1.1 cmt. n.2. When taken together, the district court could reasonably have concluded that Collins' offer to plead guilty and his admissions at trial were strategic, rather than evidence of true acceptance of responsibility. As set forth in Application Note 3 to § 3E1.1, a guilty plea and admission of the conduct comprising the offense "constitute significant evidence of acceptance of responsibility," but "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."

Our decision in United States v. Gauvin, 173 F.3d 798, 805-06 (10th Cir. 1999), holding that the district court did not err in granting the defendant a § 3E1.1 adjustment when he put the government to its proof at trial, is not to the contrary. It is true that Gauvin, like Collins, "went to trial only to contest the

legal element of intent." Id. at 806. The cases are also similar in other respects. In Gauvin, however, the district court *granted* an adjustment for acceptance of responsibility. When the government challenged that ruling on appeal, the government had to establish that the district court committed clear error in granting the adjustment.[2] The same "clear error" scope of review is applicable to Collins' appeal. And, given the factual support for the district court's ruling, Collins has not established that the district court clearly erred in denying the adjustment.

Collins is correct in stating that Gauvin stands for the proposition that "a defendant's admission of guilt at trial up to the point of the asserted defense *can* earn the offense level reduction." Aplt.'s Br. at 12 (emphasis added). But it does not establish that the district court *must* grant an offense level reduction under these circumstances. Cf. United States v. Eaton, 260 F.3d 1232, 1237 (10th Cir. 2001) (holding that district court did not err in denying § 3E1.1 reduction where defendant "testified truthfully at trial" about his actions). Here, there was ample evidence contradicting Collins' argument that he was entitled to a reduction in offense level for acceptance of responsibility. And we must always bear in mind that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and "is entitled to great deference on review."

---

[2] For the same reason, our decision in United States v. Garcia, 182 F.3d 1165, 1171-74 (10th Cir. 1999), on which Collins also relies, is not applicable here.

8

United States v. Hamilton, 413 F.3d 1138, 1145 (10th Cir. 2005) (quoting, indirectly, U.S.S.G. § 3E1.1 com. n.5). Given the evidence tending to show that Collins did not accept responsibility for his crimes, the district court's determination was not clearly erroneous.

Collins also argues that he stood to gain nothing by his strategy of going to trial and arguing in favor of conviction on a lesser-included offense because the "Sentencing Guideline for simple possession directs that in cases of five or more grams of cocaine base, the guideline for possession with intent to distribute is to be applied." Aplt.'s Br. at 9. He invites us to infer from this that he went to trial because he could not "in good faith plead guilty" to possession with intent to distribute, and contends that if defendants in his situation are not given a reduction for acceptance of responsibility, they will be forced to plead guilty falsely in order to secure a reduction. Id. at 10. Apart from Collins inviting the court to engage in speculation and conjecture, this argument lacks merit.

First, Collins *did* stand to gain something by going to trial. The base offense level for possession of five or more grams of cocaine base with intent to distribute may be the same as the base offense level for simple possession of the same amount of cocaine base. This is not true of the marijuana count, however. The base offense level for a conviction of possession of roughly one half-pound of marijuana with intent to distribute would be 6 or 8, depending on the exact weight involved. U.S.S.G. § 2D1.1(c). A conviction for simple possession of the

9

same amount of marijuana only has a base offense level of 4.  U.S.S.G. §
2D2.1(a)(3).  Further, a conviction for possession with intent to distribute may
carry consequences that extend beyond the sentence imposed and are more severe
than those which arise from a conviction for simple possession.  See, e.g.,
U.S.S.G. § 2D1.1(a)(1) (providing for a higher base offense level for drug
distribution where defendant has been previously convicted of similar offenses).

Second, as already discussed, whether a defendant is entitled to a reduction
for acceptance of responsibility is a determination that involves weighing a
number of different factors and is not solely dependent on a defendant's
admission of guilt.  The Application Notes clearly indicate that a guilty plea alone
may not be enough to qualify for a reduction, and that the absence of a guilty plea
will not bar a reduction.  This is established by Gauvin, the very case on which
Collins relies.  Accordingly, Collins' contention that ruling against him would
force parties to plead guilty when they are factually innocent has no merit.

We AFFIRM the sentence imposed by the district court.