**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

LAMONT DESHUN THARPS,

　　　　Defendant - Appellant.

No. 08-5121

(N.D. Oklahoma)

(D.C. No. 4:08-CR-0030-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **HOLLOWAY**, and **MCCONNELL**, Circuit Judges.

---

Lamont D. Tharps was convicted by a jury in the United States District Court for the Northern District of Oklahoma of possessing crack cocaine, *see* 21 U.S.C. § 844(a), and being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2).  His sole issue on appeal relates to his sentence.  He argues that he was entitled to a reduction in his offense level under USSG § 3E1.1(a) for acceptance of responsibility.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

After being stopped by the police for motor-vehicle infractions on January 3, 2008, Mr. Tharps was told to exit his car and was placed in handcuffs. When asked whether "he had anything illegal on him," he said, "yes, I got something in my sleeve."  R. Vol. 2, Doc. 64 at 42–43.  An officer then recovered from his right sleeve a clear plastic bag containing crack cocaine.  A search of the glove compartment of his car revealed a loaded semiautomatic handgun and a box of hollow-point ammunition.  At the police station the officers discovered "between [Mr. Tharps's] butt cheeks" a clear plastic bag containing several individually packaged lumps of crack cocaine, *id.* at 46, and $870 in cash hidden beneath his ankle brace.

Mr. Tharps was indicted on three counts:  (1) possession of crack cocaine with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); (2) possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i); (3) and being a felon in possession of a firearm, *see id.* §§ 922(g)(1), 924(a)(2).  The government called as witnesses the two officers who arrested him and seized the drugs, money, firearm, and ammunition, and a third officer who testified that the amount of crack cocaine, the way it was packaged, the quantity of cash, and the presence of a firearm were all consistent with planned distribution of the cocaine, not simple possession for personal use. Because Mr. Tharps did not enter into any evidentiary stipulations, the

government's witnesses also included (1) a forensic scientist who testified that the substance recovered weighed 4.56 grams and was crack cocaine; (2) the case agent for the prosecution, a police detective, who testified that Mr. Tharps was the registered owner of the car he was driving; (3) a special agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who testified that the firearm and ammunition were manufactured outside of Oklahoma and had traveled in interstate commerce; (4) a booking officer at the jail where Mr. Tharps was booked, who identified a card as having Mr. Tharps's fingerprints; and (5) a fingerprint analyst, who testified that the fingerprints on the card matched the prints on a penitentiary packet that established Mr. Tharps's prior felony convictions.

Mr. Tharps called two witnesses: First, he called the prosecution's case agent, who admitted that he had testified in an unrelated trial that 3.5 grams of crack cocaine was consistent with personal use, not distribution. Mr. Tharps then took the stand in his own defense. He acknowledged his past felony convictions, stated that he was a crack addict who purchased crack every day, and admitted that he kept a loaded firearm in his car. He denied, however, that he had ever sold crack cocaine or that he had kept the gun in his car for use in selling cocaine. The jury convicted him of only the charges he admitted: possession of crack cocaine and possession of a firearm by a convicted felon.

The presentence report calculated Mr. Tharps's combined offense level as 20. It made no adjustment for acceptance of responsibility. Mr. Tharps's sentencing memorandum, citing his trial testimony, objected that he was entitled to a two-level reduction for acceptance of responsibility under USSG § 3E1.1. The district court refused to grant the reduction, finding that Mr. Tharps had failed to make pretrial statements accepting responsibility and had put the government to its burden of proof at trial by denying the charges until the government had rested its case.

With a combined offense level of 20 and a criminal-history category of V, Mr. Tharps's guidelines sentencing range was 63 to 78 months. *See* USSG Ch. 5, pt. A. The district court sentenced him to 63 months' imprisonment.

## II.    DISCUSSION

A two-level reduction in offense level is warranted "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense . . . ." USSG § 3E1.1(a). We review a district court's factual conclusions regarding acceptance of responsibility for clear error, *see United States v. Martin*, 528 F.3d 746, 756 (10th Cir. 2008), bearing in mind that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and thus, "the determination of the sentencing judge is entitled to great deference on review," USSG § 3E1.1 cmt. n.5.

"[A] defendant's decision to exercise his constitutional right to trial will commonly render him ineligible for a § 3E1.1 reduction." *United States v. Tom*, 494 F.3d 1277, 1280 (10th Cir. 2007). This conclusion follows from application note 2 of USSG § 3E1.1, which explicitly addresses this situation:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1 cmt. n.2.

Mr. Tharps argues that he accepted responsibility because at trial he admitted to both offenses of which he was convicted. He points out that one of those offenses (simple possession of cocaine) would not even have gone to the jury if he had not requested a lesser-included-offense instruction with respect to the charge of possession with intent to distribute; in other words, he says, he would not have been convicted of any drug offense if the government had proceeded as it wished. He contends that he failed to admit the offenses sooner because he was having difficulty getting along with his original attorneys (his

counsel at trial had been appointed only a week earlier), and that he had demonstrated his acceptance of responsibility from the outset, when he told the officers who stopped him that he had "something in [his] sleeve." R. Vol. 2, Doc. 64 at 42–43.

We are not persuaded that the district court erred. We agree with Mr. Tharps that a court could not properly hold against him that he failed to admit the charges on which he was acquitted. But the district court did not do so in this case. It refused to find that Mr. Tharps had accepted responsibility because (1) it was "unaware of [Mr. Tharps] making a pretrial statement accepting responsibility for the criminal conduct charged in the indictment," *id.*, Doc. 63 at 7; and (2) he had required the government to prove its case even on the offenses that he later admitted during his testimony.

With respect to the first basis of the district court's decision, Mr. Tharps argues on appeal that the court made a factual error. He suggests that his informing the officers of the cocaine in his sleeve constituted an acceptance of responsibility. But at sentencing he did not dispute the court's finding regarding pretrial statements, even though immediately after its ruling the court asked Mr. Tharps's counsel whether he "kn[e]w of any legal or factual issues i[n] dispute." *Id.* at 8. In any event, we are aware of no evidence that Mr. Tharps admitted before trial that he possessed a firearm or was a convicted felon.

As for the second basis of the district court's decision, the court was correct to rely on Mr. Tharps's requiring the government to prove its case. The trial judge need not construe self-incriminatory testimony as an acceptance of responsibility. As we stated in a similar case in which the defendant admitted at trial the offenses of which he was convicted, "the district court could reasonably have concluded that [the defendant's] . . . admissions at trial were strategic, rather than evidence of true acceptance of responsibility." *United States v. Collins*, 511 F.3d 1276, 1280 (10th Cir. 2008). Mr. Tharps required the government to go through every technical hoop to establish his guilt, forcing the government to call multiple witnesses to prove that the substance found was cocaine, that the firearm traveled in interstate commerce, and that his fingerprints matched those of a previously convicted felon. It would not be unreasonable to infer that he decided to admit simple possession only because (1) he saw that the government had not slipped up in its case in chief and (2) he thought that his denial of possession with intent to distribute would be more persuasive if he admitted simple possession. *See United States v. Herron*, 432 F.3d 1127, 1138–39 (10th Cir. 2005) (defendant who failed to stipulate to jurisdictional elements was properly denied adjustment for acceptance of responsibility). The court was not required to believe Mr. Tharps's assertion that he would have pleaded guilty if he had gotten along better with his attorneys. And his request for a lesser-included-offense instruction need not be viewed as a gift from him to the prosecution; the request could readily

have derived from a fear that if the jury were presented with an all-or-nothing choice (guilty of possession with intent to distribute or not guilty), it would have selected guilt. *See Beck v. Alabama*, 447 U.S. 625, 633–38 (1980) (defendant in capital case is entitled to lesser-included-offense instruction).

In sum, the district court did not commit clear error in finding that Mr. Tharps failed to accept responsibility.

## III.    CONCLUSION

We AFFIRM Mr. Tharps's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge