FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD E. MOORE,

    Defendant-Appellant.

No. 10-3149

(D.C. No. 09-20139-01-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, and **BALDOCK,** Circuit Judges, and **JOHNSON**[**], District Judge.[***]

---

After police discovered two firearms in the vehicle from which he fled, Defendant Edward Moore pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court enhanced his sentence based upon a picture discovered on Defendant's cell phone that depicted him holding three

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Honorable William P. Johnson, United States District Judge, District of New Mexico, sitting by designation.

[***] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

other firearms.  See U.S.S.G. §§ 1B1.3, 2K2.1(a)(4), and 2K2.1(b)(1)(A).  The district court also refused to reduce his sentence for acceptance of responsibility.  See U.S.S.G. § 3E1.1(a).  Defendant appeals, arguing the district court clearly erred in making both of those decisions.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

I.

On October 24, 2009, a police officer attempted to stop a vehicle in Kansas City, Kansas.  The car ran straight into another vehicle.  The driver fled the disabled vehicle, escaping police.  The passenger, Defendant, also fled but police soon captured him.  Subsequently, police discovered a pistol on the driver's seat and a shotgun on the passenger's seat of the vehicle.  A check of Defendant's criminal history revealed he had previously been convicted of two crimes, each punishable by a term of imprisonment exceeding one year, in February and May 2009.  Based upon the pistol and shotgun, a grand jury indicted Defendant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Defendant pled guilty without a plea agreement.  Initially, the presentence report (PSR) recommended an offense level of twelve, reflecting a two-level reduction for acceptance of responsibility.  See U.S.S.G. §§ 2K2.1(a)(6) and 3E1.1(a).  The PSR also noted that upon Defendant's arrest the police seized Defendant's cell phone. Examination of the cell phone revealed a photograph of Defendant holding three firearms (none of which were the pistol and shotgun found

2

in the car), one of which contained a large-capacity magazine. The file properties of the photograph indicated it was created on October 8, 2009. Nonetheless, the PSR states that, according to defense counsel, Defendant claimed a friend had sent the picture to Defendant's cell phone on October 8, 2009, "but the picture itself was taken at an earlier date." ROA Vol. 3 at 6. Thus, the PSR did not initially consider the picture to constitute evidence of relevant conduct that would increase Defendant's base offense level. See U.S.S.G. § 1B1.3.

Thereafter, the Government made one objection to the PSR: that the photograph found on Defendant's phone constituted evidence of relevant conduct—possession of three additional firearms—warranting an enhancement of his offense level. The Government also revealed to Probation and Defendant that an expert had confirmed, and would so testify, that the photograph at issue was taken on October 8, 2009 by Defendant's cell phone, and not sent and saved to his cell phone from some other source on that date. Defense counsel simply responded he would "conduct[] further investigation into the issues presented by the Government." Citing United States v. Windle, 74 F.3d 997, 1000–01 (10th Cir. 1996), the probation officer then amended the PSR to explain that if the district court found the photo was taken on October 8, 2009, when Defendant was a felon and thereby prohibited from possessing firearms, his possession of the three firearms in the picture would

3

constitute relevant conduct.[1]  Because the photo depicts Defendant holding three weapons, one of which contained a high-capacity magazine, the Sentencing Guidelines recommend an offense level of twenty-two.  See U.S.S.G. §§ 2K2.1(b)(1)(A) and 2K2.1(a)(4).

At the sentencing hearing, the Government called the computer forensics expert who had examined Defendant's cell phone.  He testified that the photo in question, referred to as photo number 90, was taken on October 8, 2009 by Defendant's cell phone camera.  The expert further explained that no. 90 was one photo in a series of three photographs taken by Defendant's cell phone camera within three minutes on October 8, 2009.  The first depicts two pistols and "an Uzi-looking weapon with an extended clip on a kitchen table" with "someone's hand apparently throwing up a gang sign."  ROA Vol. 2 at 53–54.  The second shows Defendant holding one of the three firearms in the same kitchen area.  Id. at 54.  And, the third—no. 90—depicts Defendant in the same kitchen area holding the three firearms.  Id. at 55.

At that point, Defendant proffered another explanation of photo no. 90 separate from his claim that October 8 was the date he received that picture on his camera from a friend—the same explanation he proffers to us.  Defendant told the

---

[1] We decided in Windle that when a defendant is charged with possessing firearms as a felon, relevant conduct clearly includes unlawfully possessing other firearms within the five months prior to his arrest for the charged offense.  74 F.3d at 1000–01.

district court the photo is actually a photo of a photo; the original—the photo *in* the photo—was taken some time before October 8, 2009. Consequently, Defendant maintained that the Government had not met its burden of proving the original photo was taken after either of his felony convictions in February and May 2009. On cross-examination, the expert agreed that three other photos also found on Defendant's cell phone appeared to be pictures of pictures, *i.e.*, Defendant had used his cell phone camera to take a picture of an existing picture.

The district court, however, was not convinced. Instead, the court was "persuaded that it is more likely than not that the photo . . . was taken of [Defendant] possessing the three weapons depicted in that picture on or about the date of October 9 of 2009." ROA Vol. 2 at 69. Based upon the expert's testimony, the court concluded "it is clearly not possible that the photo was sent to [Defendant's cell phone] camera from . . . some other camera or that it was uploaded from a computer." Id. As to Defendant's photo of a photo argument, the court explained that during the sentencing hearing Defendant had produced three examples of cell phone photos of photos, but that:

> Those three photos of photos . . . are quite clearly and unmistakably photos of photos. . . . On the other hand, there's absolutely nothing about the picture [of Defendant with three firearms] that would give any indication that it was a photo of a photo, and it's included in a sequence of three photos that seem to be taken, by the meta data supplied from the review of the camera, on or about the same time. I find it highly unlikely that there were three other photographs which were then in turn photographed by the cell phone camera at or about that time. I believe it is far more likely, to the point that I am totally persuaded, that those

5

photos were taken when the meta data reflects they were.

Id. at 69–70.  The court therefore sustained the Government's objection, deeming

photo no. 90 evidence of relevant conduct.  Subsequently, the court explained:

> Because [Defendant] has . . . denied without a reasonable basis to do so
> the relevant conduct here, I am denying him acceptance of
> responsibility.  He was certainly entitled to put the government to their
> proof, but he did not accept responsibility as to that relevant conduct,
> and I believe that is indicative of his lack of acceptance of
> responsibility, and therefore he should not receive any reduction of his
> total offense level for that purpose.

ROA Vol. 2 at 71–72.

## II.

We review a district court's legal interpretation of the Sentencing Guidelines

de novo and its factual findings for clear error.  United States v. Orr, 567 F.3d 610,

614 (10th Cir. 2009).  "The [G]overnment bears the burden of proving sentencing

enhancements by a preponderance of the evidence."  Id.  Defendant asserts the

district court clearly erred because there is no way to tell from the photo discovered

on his cell phone if he actually possessed the three weapons depicted on October 8,

2009; rather, he claims it could be a photo of a photo that was taken at some earlier

time.  He therefore solely raises a factual challenge to the district court's

enhancement of his offense level.

The district court heard the testimony of an expert, reviewed the cell phone

photos of the weapons and Defendant holding the weapons, and the cell phone photos

of photos.  The court concluded as a matter of fact the photo of Defendant with three

6

firearms was an original, not a photo of a photo, taken by Defendant's cell phone camera on October 8, 2009—when he was a felon and prohibited from carrying firearms. We too have reviewed the expert's testimony and cell phone photographs submitted and find nothing to suggest the district court erred in its factual determination that photo no. 90 depicts Defendant holding three firearms as a felon on October 8, 2009.

Lastly, Defendant challenges the district court's refusal to reduce his offense level for acceptance of responsibility. "'Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard.'" United States v. Tom, 494 F.3d 1277, 1281 (10th Cir. 2007) (quoting United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999)). Defendant bore the burden of proving he was entitled "to such a reduction by a preponderance of the evidence." United States v. Collins, 511 F.3d 1276, 1279 (10th Cir. 2008).

The district court did not clearly err in refusing to reduce Defendant's base offense level for acceptance of responsibility. Defense counsel told the probation officer in charge of preparing the PSR that Defendant had told him the photo was taken at some point before October 8, but was sent to his cell phone by a friend on October 8. The Government then told both defense counsel and the probation officer that a forensics expert concluded the picture had been taken by Defendant's cell phone camera on October 8. Defendant did not change his story. At the beginning of the sentencing hearing, Defendant confirmed that he had reviewed the PSR with

counsel. ROA Vol. 2 at 26. He made no objection or correction to the PSR at that time. But after the expert testified at the sentencing hearing, defense counsel stated that what he had actually told the probation officer was that Defendant had told counsel that the picture had not been taken by his cell phone and that counsel had assumed that Defendant meant the photo had been sent to his cell phone from a friend who actually took the picture. ROA Vol. 2 at 65. He further explained that after receiving the Government's objection to the PSR he pressed Defendant on the origin of the photo and Defendant "confirmed . . . that he told me the picture was not taken—the original picture was not taken with his cell phone." Id. Enter the photo of the photo theory. But instead of relaying this explanation to the probation officer at that time or correcting the misstatement in the report at the beginning of the hearing, defense counsel waited until after the expert confirmed at the sentencing hearing that photo no. 90 had been taken by Defendant's cell phone camera (and not by another camera that was then sent to Defendant) to claim it was a photo of a photo. Shifting explanations of criminal behavior hardly indicates acceptance of responsibility. Therefore, the district court did not clearly err in concluding Defendant was not entitled to an acceptance of responsibility reduction. For the reasons explained herein, the district court's final sentence of Defendant is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge