FILED
United States Court of Appeals
Tenth Circuit

May 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VERNON EUGENE WYATT,

Defendant–Appellant.

No. 11-6177
(D.C. No. 5:10-CR-00080-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY**, and **LUCERO**, Circuit Judges.

Vernon Eugene Wyatt pled guilty to possession of cocaine base in violation of

21 U.S.C. § 844(a).  He appeals his 30-month above-Guidelines sentence.  Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

**I**

A superseding information charged Wyatt with one count of possession of

approximately three grams of crack cocaine.  In exchange for pleading guilty to that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offense, the government agreed to dismiss a pending indictment charging Wyatt with four other crack-related charges. Although Wyatt agreed to plead guilty to possessing only three grams of crack, the plea agreement stated that "the government is aware of 20 grams of cocaine base (crack) attributable to this defendant."

At the time the parties executed the plea agreement, they understood that Wyatt was subject to a five-year mandatory minimum sentence based upon his prior convictions. The district court accordingly sentenced Wyatt to a five-year term of imprisonment. That understanding was incorrect, however. While Wyatt's initial appeal to this court was pending, the government moved to vacate Wyatt's sentence and remand to the district court for resentencing. We granted the government's motion. See United States v. Wyatt, No. 11-6054 (10th Cir. May 9, 2011) (unpublished order).

On remand, the probation officer prepared a revised presentence investigation report ("PSR"), calculating Wyatt's Guidelines range as 15-21 months. Because Wyatt had assaulted a cooperating witness while incarcerated, the PSR recommended that the district court deny him a reduction in offense level for acceptance of responsibility. Wyatt filed several objections to the PSR.

At the sentencing hearing, the district court overruled each of Wyatt's objections. In addressing the 18 U.S.C. § 3553(a) factors, the court observed that Wyatt had a number of criminal convictions and that Wyatt had "a pretty sketchy record of productive activity by way of honest employment."

The district court next referred back to its statements at Wyatt's previous sentencing hearing regarding his "violent acts vis-a-vis the other inmate." At the earlier hearing, after viewing a videotape of the assault, the court stated to Wyatt, "You're a thug and a coward. You struck a man twice your age." Finally, the court noted that Wyatt was "the beneficiary of the professionalism and the ethical standards and the good lawyering" of the government attorney who identified the parties' and the court's error regarding applicability of the five-year mandatory minimum sentence. Citing to Wyatt's "persistent criminal tendencies, including persistent tendencies to commit serious crimes, it is my judgment that an upward variance is appropriate." The court then sentenced Wyatt to 30 months' imprisonment, an upward variance of nine months from the top of his applicable Guidelines range. Wyatt filed a timely notice of appeal.

## II

We review Wyatt's sentence for reasonableness, and we defer to the district court under an abuse-of-discretion standard of review. See United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011). In the sentencing context,

> [r]easonableness has a procedural and substantive component. Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.

Lopez-Macias, 661 F.3d at 489 (quotations and alteration omitted). "A sentence is substantively reasonable when the length of the sentence reflects the gravity of the

crime and the § 3553(a) factors as applied to the case." United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008) (quotation omitted). We review the district court's conclusions of law de novo and its findings of fact for clear error. See United States v. Collins, 511 F.3d 1276, 1279 (10th Cir. 2008).[1]

## A

Wyatt contends that the district court erred in denying him a downward adjustment in his offense level for acceptance of responsibility because of his assault of a cooperating witness. He claims the assault was relatively minor and should not outweigh his decision to plead guilty.

"[A] guilty plea and admission of the conduct comprising the offense constitute significant evidence of acceptance of responsibility, but may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Collins, 511 F.3d at 1280 (quotations omitted). Thus, a district court may deny an adjustment for acceptance of responsibility based on a defendant's criminal conduct unrelated to the offense of conviction. See United States v. Prince, 204 F.3d 1021, 1022-24 (10th Cir. 2000) (affirming denial based on defendant's stabbing of another prisoner while awaiting sentencing). After viewing the videotaped assault, the district court concluded that Wyatt's conduct was inconsistent

---

[1] We note the government's contention that Wyatt waived in the plea agreement his right to appeal his sentence, except to the extent it exceeded the advisory Guidelines range. We nonetheless elect to reach the merits of all of Wyatt's arguments on appeal for the sake of judicial economy.

with an acceptance of responsibility. That determination "is entitled to great deference on review," Collins, 511 F.3d at 1280-81, and we cannot say that the court's decision was an abuse of discretion.

**B**

In reviewing a sentence that varies from the applicable Guidelines range,

> [w]e must consider the totality of the circumstances, . . . but we may not apply a presumption of unreasonableness. [We] may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotation omitted).

Wyatt challenges the district court's characterization of his criminal record as indicating that he has persistent criminal tendencies. He asserts that his criminal history is not exceptional and every aspect of it was already accounted for in his Guidelines range. We reject this argument because "district courts are . . . allowed to contextually evaluate each § 3553(a) factor, including those factors the relevant [G]uideline(s) already purport to take into account, even if the facts of the case are less than extraordinary." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008).

Wyatt also takes issue with the district court's statement that this case involved more than a negligible amount of crack. He argues there is no evidence that he possessed crack other than for personal consumption. But he fails to show that the

district court abused its discretion in treating this case as involving 20 grams of crack based on the statement in the plea agreement concerning the amount of crack attributable to Wyatt.

With respect to the district court's finding that Wyatt's violent propensities support a need for incapacitation, he emphasizes that his criminal record includes only one violent offense, which occurred ten years before his sentencing in this case. But the district court considered both his criminal record <u>and</u> his assault of the informant when assessing the need to protect the public from further crimes under § 3553(a). The district court characterized Wyatt's assault as serious and weighed it heavily in concluding that his criminal history and his subsequent conduct were indicative of a propensity for violence. These determinations are entitled to deference. <u>See</u> <u>Smart</u>, 518 F.3d at 808.

Wyatt also contends that the district court abused its discretion by considering the parties' incorrect assumption that he was subject to a five-year mandatory minimum sentence prior to the first appeal. Although the district court acknowledged the change in circumstances from his previous sentencing and the resulting benefit to him, our reading of the record indicates that the court properly considered the Guidelines and the § 3553(a) factors in imposing Wyatt's sentence. We do not accept Wyatt's conjecture that the district court's true motivation in imposing a sentence above the Guidelines range was to account for the fact it could not impose the longer, mandatory-minimum sentence.

Finally, Wyatt asserts generally that his above-Guidelines sentence is unreasonably long.[2] Even considering the extent of the district court's variance above Wyatt's advisory Guidelines range, however, we cannot say that his 30-month sentence falls outside the range of rationally available sentencing options based on the totality of the circumstances.

## C

Wyatt's final argument is that there is no rational basis for according crack cocaine a base offense level of 8 while according powder cocaine a base offense level of 6.[3] "This Circuit has repeatedly upheld the validity of the statutory distinction in the sentencing levels between powdered cocaine and cocaine base as rational." United States v. Angulo-Lopez, 7 F.3d 1506, 1509 (10th Cir. 1993) (citing cases upholding constitutionality of previous 100:1 ratio). Wyatt fails to show that his

---

[2] Wyatt argues that the district court failed to follow the Guidelines applicable to upward departures. But the district court did not depart upward in sentencing Wyatt, it varied upward. See United States v. Sells, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008) ("A departure occurs when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines. A variance occurs when a court enhances or detracts from the recommended range through application of § 3553(a) factors." (quotations and alterations omitted)). This contention is therefore without merit.

[3] Wyatt notes that some judges have applied a 1:1 ratio in sentencing for crack cocaine offenses. See United States v. Lewis, 625 F.3d 1224, 1232 (10th Cir. 2010) (noting courts may, but are not required to, depart or vary downward from the crack Guidelines), cert. denied, 131 S. Ct. 1790 (2011). But he does not contend that the district court abused its discretion in failing to do so in this case.

Guidelines range was unconstitutional based on the crack/powder cocaine sentencing disparity.

## III

Having found no merit in Wyatt's contentions of error regarding his sentence, we **AFFIRM** the judgment of the district court.

Entered for the Court


Carlos F. Lucero
Circuit Judge