**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE LUJAN-LOPEZ,

     Defendant-Appellant.

No. 12-1462
(D.Ct. No. 1:12-CR-00149-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A jury convicted Appellant Jose Lujan-Lopez of one count of illegal reentry of a deported alien subsequent to a felony conviction in violation of 8

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1326(a) and (b)(1). He now appeals his seventy-seven-month downward variant sentence, claiming it is procedurally unreasonable because the district court failed to apply United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3E1.1 for a two-level reduction for acceptance of responsibility. He also contends his sentence is substantively unreasonable because the district court gave undue weight to his criminal history, while failing to give meaningful weight to his personal history and characteristics. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Lujan-Lopez's sentence.

## I. Factual and Procedural Background

After Mr. Lujan-Lopez pled not guilty to illegal reentry, a pre-trial conference was held at which his counsel advised Mr. Lujan-Lopez might proceed to trial because he was upset with his estimated Guidelines sentence and was considering hiring private counsel, to which the district court indicated it would allow a continuance in the event counsel was hired. The district court also thoroughly explained the Guidelines to Mr. Lujan-Lopez, including the fact they are advisory and not mandatory or binding, and that it would determine a fair and appropriate sentence by considering not only the Guidelines but the other sentencing factors involved. No new counsel or continuance request followed; in preparation for trial, the government submitted trial briefs, exhibit and witness lists, jury instructions, and voir dire questions. At trial, prior to jury selection,

Mr. Lujan-Lopez admitted he was guilty and did not want to go to trial but wanted another attorney to get a "better deal." His counsel explained Mr. Lujan-Lopez's only objection to her representation was her calculation of the applicable Guidelines range. The district court denied his request for alternative counsel and again explained how the Guidelines operated. Given Mr. Lujan-Lopez's decision not to plead guilty, the trial then commenced with the government presenting multiple witnesses and various exhibits to prove the crime charged. The next day, Mr. Lujan-Lopez took the stand in his own defense and, on cross examination, admitted guilt to the charge against him and explained, as his reason for going to trial, that he wanted to obtain "compassion from the jury." A jury verdict of guilty ensued.

Following his conviction, a probation officer prepared a presentence report, and, in calculating his sentence, determined a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility did not apply because Mr. Lujan-Lopez put the government to its burden of proof at trial and did not appear to meet an exception for applying such a reduction. Mr. Lujan-Lopez's total offense level of 24, together with his criminal history category of V, resulted in a Guidelines range of ninety-two to 115 months imprisonment.

Prior to and at the sentencing hearing, Mr. Lujan-Lopez objected to the presentence report, claiming he was entitled to a two-point reduction because he admitted his guilt at the trial, which should result in a Guidelines range of

seventy-seven to ninety-six months. His counsel also sought a lower sentence, arguing a seventy-seven-month sentence was extremely onerous for the nonviolent crime of illegal reentry and pointed out Mr. Lujan-Lopez returned illegally for the admirable purpose of caring for his child. During his allocution, Mr. Lujan-Lopez expressed remorse for his illegal reentry and explained he "only returned because of [his] son." Because Mr. Lujan-Lopez chose to proceed to trial, the government opposed a § 3E1.1 reduction for acceptance of responsibility.

The district court expressed its concerns about § 3E1.1 placing a penalty on defendants for exercising their right to go to trial and recognized that by not denying his guilt, Mr. Lujan-Lopez had accepted responsibility for his crime. It also considered the sentencing factors in 18 U.S.C. § 3553(a), including the nature of the crime, Mr. Lujan-Lopez's history and characteristics, including his "very substantial criminal history," and the need to promote respect for the law, deter future crimes, and protect the public. It also noted the recommended Guidelines sentence "for this type of case" was "extraordinary" but also noted Mr. Lujan-Lopez's extensive criminal history supported a "higher-level sentence." In addressing Mr. Lujan-Lopez's request for a sentence below seventy-seven months, it recognized a seventy-seven-month sentence would be at the low end of the Guidelines range if it had applied the two-point reduction for acceptance of responsibility. It then imposed a sentence of seventy-seven months

imprisonment, clarifying it was imposing a downward variant sentence and stating, "I am satisfied that ninety-two months is too much. I am satisfied that a penalty for going to trial is unfair."

## II. Discussion

Mr. Lujan-Lopez now appeals his sentence, renewing his claim his sentence is: (1) procedurally unreasonable because the district court failed to apply U.S.S.G. § 3E1.1 for a two-level reduction for his acceptance of responsibility; and (2) substantively unreasonable because it placed too much weight on his criminal record while failing to give "any" or "meaningful" weight to his personal history and characteristics, including his illegal reentry for the purpose of caring for his son. In arguing for the two-level reduction, Mr. Lujan-Lopez contends the district court made a mistake of law by assuming § 3E1.1 is unavailable to a defendant who goes to trial and that his admission of guilt at trial is sufficient to apply a § 3E1.1 reduction. He further submits that in deciding to go to trial his "concern was always about the length of his sentence," as well as his desire to recount his experience and ask for leniency, and that the trial "served as an essential vehicle for him to accept responsibility." The government opposes the appeal.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). Thus, we review "'all sentences–whether

-5-

inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard'" in which we afford substantial deference to the district courts. *Id.* at 806 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our appellate review for reasonableness includes both a procedural component ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. "Procedural reasonableness addresses whether the district court incorrectly calculated ... the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

In determining whether the district court committed procedural error in calculating Mr. Lujan-Lopez's sentence or treated the Guidelines as mandatory, we look to § 3E1.1, on which he relies. It advises sentencing courts to "decrease the offense level by two levels" if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Application Note 2 to § 3E1.1 also explains:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues

that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1. cmt. n.2.

"Generally, we review a district court's decision to refuse application of the two-level reduction for acceptance of responsibility under the deferential clearly erroneous standard." *United States v. McGehee*, 672 F.3d 860, 877 (10th Cir. 2012). "We review the district court's interpretation and application of the sentencing guidelines de novo and review the court's factual findings for clear error." *United States v. McAlpine*, 32 F.3d 484, 487-88 (10th Cir. 1994) (citation omitted). The defendant has the burden of establishing his entitlement to a reduction by a preponderance of the evidence. *See United States v. Collins*, 511 F.3d 1276, 1279 (10th Cir. 2008).

"[A] defendant's decision to exercise his constitutional right to trial will commonly render him ineligible for a § 3E1.1 reduction." *United States v. Tom*, 494 F.3d 1277, 1280 (10th Cir 2007). As the commentary to § 3E1.1 states, "[t]he acceptance-of-responsibility adjustment 'is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt[] [and] is convicted.'" *McGehee*, 672 F.3d at 877 (quoting § 3E1.1 cmt. n.2) (emphasis omitted). In interpreting § 3E1.1 and its commentary, we have also held "an admission of guilt at trial does not suffice

-7-

to mandate an award of the acceptance-of-responsibility reduction." *Id.* at 878 n.6 (internal quotation marks omitted). Thus, while a defendant's admission of guilt at trial can earn a reduction, a district court is not required to grant it. *See Collins*, 511 F.3d at 1280. Instead, "whether a defendant is entitled to a reduction for acceptance of responsibility is a determination that involves weighing a number of different factors and is not solely dependant on a defendant's admission of guilt." *Id.* at 1281.

In this case, the parties based their arguments on § 3E1.1 and its commentary, and the district court, in explaining the Guidelines to Mr. Lujan-Lopez, pointed out they were advisory and not mandatory or binding on the court. As a result, the record demonstrates the district court was aware of its discretion to impose a two-level reduction for acceptance of responsibility. Furthermore, its decision to deny the reduction was not clearly erroneous. This is because Mr. Lujan-Lopez made a decision to go to trial despite his admission of guilt prior thereto and, in so doing, held the government to its ultimate burden of proof of showing he committed the crime charged, resulting in its filing of multiple pretrial pleadings and participating in a two-day trial with a number of witnesses and exhibits. Despite Mr. Lujan-Lopez's contrary contentions, his mere admission of guilt on cross-examination does not mandate a reduction for acceptance of responsibility, *see McGehee*, 672 F.3d at 878 n.6, and, instead, the decision was left to the district court's discretion.

As to the exception in Application Note 2 to § 3E1.1, nothing in the record shows Mr. Lujan-Lopez went to trial for the purpose of asserting and preserving issues unrelated to factual guilt, such as a challenge to the constitutionality of a statute or its applicability. Instead, he submits that in deciding to go to trial his "concern was always about the length of his sentence" as well as his desire to recount his experience and ask for leniency. These are not grounds warranting application of the § 3E1.1 commentary exception or consideration at trial but are grounds generally raised during a sentencing hearing. In addition, his heedless contention the trial merely "served as an essential vehicle for him to accept responsibility" demonstrates an abuse of our judicial system, especially given his early admission of guilt and decision to nevertheless go to trial, causing the government, court, and jurors to expend valuable time and/or resources. In sum, Mr. Lujan-Lopez has not shown his sentence is procedurally unreasonable.

With respect to Mr. Lujan-Lopez's argument the district court gave undue weight to one sentencing factor over another, such an argument challenges the substantive reasonableness of a sentence. *See Smart,* 518 F.3d at 808. However, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them," but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). We do not require the § 3553(a) factors "reach some specific level of evidentiary

weight," and "although a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." *Id.* at 807.

Here, the district court outlined the factors it considered in sentencing Mr. Lujan-Lopez, including the nature of the crime, Mr. Lujan-Lopez's history and characteristics, as well as the need to promote respect for the law, deter future crimes, and protect the public. In so doing, it listened to Mr. Lujan-Lopez's repeated arguments on his history and characteristics, including that he illegally entered this country to care for his son, and we are confident it considered those arguments during sentencing.[1] In providing its reasoning for imposing a below-Guidelines sentence, it stated that while Mr. Lujan-Lopez had a very substantial criminal history warranting a higher sentence, it also did not believe he should be penalized for going to trial, given his admission of guilt, and also stated that the lengthy Guidelines-range sentence was "extraordinary" in his particular case. Its rationale, while concise, is sufficiently compelling to support the degree of the

---

[1] "The sentencing court ... is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *United States v. Cordova,* 461 F.3d 1184, 1189 (10th Cir. 2006) (internal quotation marks omitted). Instead, the district court must "state in open court the reasons for its imposition of a particular sentence," 18 U.S.C. § 3553(c), and satisfy us, as it has here, that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

variance given, and it has satisfied us it considered the parties' arguments and the § 3553(a) sentencing factors and had a reasoned basis for the variant sentence given. Mr. Lujan-Lopez has not otherwise demonstrated his below-Guidelines-range sentence is substantively unreasonable for the purpose of warranting reversal on appeal.

## III. Conclusion

Accordingly, we **AFFIRM** Mr. Lujan-Lopez's seventy-seven-month term of imprisonment.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge