FILED
United States Court of Appeals
Tenth Circuit

January 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CECILIA LOZANO,

      Defendant-Appellant.

No. 06-1424

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 05-CR-00141-MSK)**

Submitted on the Briefs:

Gail Johnson, Haddon, Morgan, Mueller, Jordan, Mackey & Foreman, P.C.,
Denver, Colorado, on the briefs for Defendant-Appellant.

James C. Murphy, Assistant United States Attorney, Denver Colorado (with Troy
A. Edi, United States Attorney, on the brief), for Plaintiff-Appellee.

Before **HENRY**, Chief Judge, and **TACHA** and **KELLY**, Circuit Judges.

**HENRY**, Chief Judge.

Cecilia Lozano, convicted of two drug counts, but acquitted of a drug conspiracy charge, essentially argues that, due to the district court's technical sentencing error, she was entitled to more consideration for acceptance of responsibility than she received. Because the court's technical error "places us in the zone of speculation and conjecture," we remand for resentencing so that the district court may determine the sentence it thinks proper under the guidelines and the 18 U.S.C. § 3553 factors. *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005). We take jurisdiction under 18 U.S.C. § 3742.

## I. FACTUAL BACKGROUND

Ms. Lozano was the girlfriend of Jorge Banuelos, the owner of the Alpine Rose Motel in Denver, Colorado. As part of a thirty-three count superseding indictment, a grand jury indicted Ms. Lozano on three counts: (1) distribution of less than five grams of cocaine base and aiding and abetting, when she delivered a small quantity of crack cocaine to an undercover police officer on August 19, 2004, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (2) distribution of less than five grams of cocaine base and aiding and abetting, when she delivered a small quantity of crack cocaine to an undercover police officer on August 30, 2004, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (3) conspiracy to distribute more than 50 grams of crack cocaine in connection with various drug transactions that took place at the Alpine Rose Hotel, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). In addition to the

undercover officer's testimony regarding her purchase of cocaine from Ms. Lozano, the government presented several witnesses who testified that they observed Ms. Lozano, acting as a manager of the Alpine Rose Hotel, accept crack cocaine or monies derived from sales of crack cocaine, in exchange for hotel rent payments. The trial jury convicted Ms. Lozano of the distribution counts, but acquitted her of the conspiracy charge. The district court sentenced Ms. Lozano to concurrent terms of 63 months' imprisonment.

## A. The Presentence Report

The presentence report concluded the total offense level was 26 (based upon 5.72 grams of crack cocaine) and the criminal history category was III, yielding an advisory imprisonment range of 78-97 months. Aplt's App. vol. II, at 392, 404 (Presentence Report). Ms. Lozano objected to the drug quantity, arguing that trial evidence failed to show the weight of drugs she delivered on August 19, 2004. She maintained the evidence only reflected her drug sale on August 30, 2004, and the total weight on which she should be sentenced was therefore 2.92 grams, not 5.72 grams. She also objected to her criminal history category, arguing a prior theft conviction should not be counted, and that in any event category III over-represented the seriousness of her criminal history (because it included only traffic matters and minor thefts).

Ms. Lozano also objected to the presentence report's failure to recommend a two-level reduction for acceptance of responsibility. She argued that although

she "ultimately went to trial on all charges, her inability to enter a plea of guilty to the two distribution charges alone was based on the government's insistence that she also enter a plea to the conspiracy charge." *Id.* at 447 (Addend. to the Presentence Report). The probation officer declined to change the recommendations, noting that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and that these were issues the court must decide. *Id.* Ms. Lozano subsequently withdrew her challenge to the quantity of cocaine.

**B. The Sentencing Hearing**

At sentencing, Ms. Lozano renewed her objection to the presentence report's lack of a downward adjustment for acceptance of responsibility. Ms. Lozano maintained that from the date of arrest through trial, she had admitted to the sales of crack cocaine to the undercover officer. She argued the government would not agree to a plea disposition that involved only those charges, so she had no choice but to proceed to trial.

Ms. Lozano argued that while she did not admit to the distribution charges at trial, she "didn't offer any evidence during the trial regarding the sale/distribution charges" and that the "testimony of Detective Pulliam [the undercover officer] went largely unchallenged regarding those distribution charges." Aplt's App. vol. I, at 356. For these reasons, she contended she had accepted responsibility and requested a two-point reduction in offense level.

The prosecutor disagreed with Ms. Lozano's interpretation of events and suggested that while the possibility of a plea was discussed with Ms. Lozano's counsel, a firm offer was neither sought by Ms. Lozano nor offered by the government. The prosecutor suggested that Ms. Lozano had not been as forthcoming as some defendants, citing a co-defendant who "came in here and said, 'Yes, we're guilty of the substantive counts, not guilty of the conspiracy count.' This defendant could have done the same thing and possibly accepted responsibility. She has not accepted until today responsibility for her conduct." *Id.* at 357. The prosecutor also argued that pre-trial discussions between the government and defense counsel should not be the determining factor in evaluating whether the defendant accepted responsibility. Agreeing with the presentence report, the government opposed any reduction in offense level.

The district court, which presided over the trial, essentially took Ms. Lozano's view when it made the following observations:

> Here we have a circumstance where the parties apparently agree that Ms. Lozano really did not contest the distribution charges. What she contested was the conspiracy charge.
>
> The Government and the defense in a sense both hedged their bets. . . .
>
> In this kind of circumstance, it is within the Court's discretion as to whether any acceptance of responsibility

credit should be given.[1]

*Id.* at 373-74. The district court found that "since the decision to go to trial was in part tactical and strategic, unrelated to the defendant's state of mind, that one point is appropriate as an adjustment for acceptance of responsibility." *Id.*

Accordingly, the court found the total adjusted offense level to be 25. The court also found that Ms. Lozano's criminal history consisted largely of minor theft convictions and motor vehicles violations related to licensing. All the convictions were misdemeanors. On this basis, the court concluded that criminal history category III over-represented the seriousness of Ms. Lozano's criminal history and the court found category II to be more accurate. *Id.* at 376. An offense level 25 and criminal history category II result in an advisory imprisonment range of 63-78 months. *Id.* at 376-77.

The district court considered Ms. Lozano's request for a below-guidelines sentence. The district court acknowledged it must give "heavy weight" to the guidelines, "because they were designed to meet the objectives of [18 U.S.C. §] 3553(a)." *Id.* at 379. The district court considered Ms. Lozano's arguments that she was fearful of the goings on at the Alpine Rose Hotel, and that she intermittently disassociated herself from some of those operations. The court also

---

[1] In this appeal, the government challenges the district court's statement at sentencing that Ms. Lozano "did not contest the distribution charges," *id.* at 373, calling it "inexplicable." Aple's Br. at 5, n.1. The government did not protest at the sentencing hearing, however.

recognized that Ms. Lozano has had a "hard life" and made some "bad choices," and recently had participated in various "self-improvement programs." *Id.* at 380. The district court concluded that none of these warranted a non-guidelines sentence. The court proceeded to sentence her at the bottom of the guidelines range, 63 months on each count to be served concurrently, and noted that this sentence "provides adequate opportunity for Ms. Lozano to participate in the [Residential Drug Abuse Program] and to earn a sentence reduction if she successfully completes it." *Id.* at 383.

### C. Application of § 3E1.1

USSG § 3E1.1(a) states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." An application note explains:

> *In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.* This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1 cmt. n.2 (emphasis supplied). The district court relied upon this note when it reduced her offense level by one level and imposed a 63-month sentence. Aplt's App. vol. I, at 373. Although the district court's application might be logical, circuit precedent, as discussed below, forbids this approach.

## II. DISCUSSION

On appeal, Ms. Lozano argues that we must reverse the erroneous application of § 3E1.1, so that the district court may resentence her, which will likely result in a lower sentence. We agree that the district court's error was not harmless, and that we must remand for resentencing.

### A. Standard of Review

This court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Whether USSG § 3E1.1(a) authorizes a one-level reduction for partial acceptance of responsibility is a legal issue that we examine de novo. *United States v. Carroll*, 6 F.3d 735, 741 (11th Cir. 1993). In contrast, whether a defendant has accepted responsibility is a factual question that we review for clear error. *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005), *cert. denied*, 547 U.S. 1104 (2006). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason the determination of the sentencing judge is entitled to great deference on review." *United States v. Dazey*, 403 F.3d 1147, 1172 (10th Cir. 2005) (internal quotation marks omitted).

In her opening brief, Ms. Lozano argues that we review the court's authority to impose a one-level reduction for acceptance of responsibility for plain error. To its credit, the government acknowledges that the district court

erred. Moreover, despite Ms. Lozano's framing of the standard of review, the government concedes that we should engage in the less deferential harmless error analysis because Ms. Lozano preserved her § 3E1.1 argument at the sentencing hearing. (We appreciate the government's candor in this regard.) We agree, and the harmless error standard therefore frames our inquiry.

A non-constitutional error is harmless "[i]f the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor." *See Williams v. United States*, 112 S. Ct. 1112, 1120-21 (1992). Thus, to establish harmless error here, "the United States has the burden to show by a preponderance of the evidence that the district court's error did not affect the court's selection of the sentence imposed." *United States v. Conlan*, 500 F.3d 1167, 1170 (10th Cir. 2007); *see* FED. R. CRIM. P. 52(a).

### B. The District Court Erred When it Gave a One-level Downward Adjustment under § 3E1.1

All parties rightly agree that the district court's one-level downward adjustment, anchored by § 3E1.1, was an incorrect application of the guidelines. *See United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (holding "[b]ecause § 3E1.1 is an all or nothing proposition, it was error for the district court to split the difference by granting a one-level downward adjustment"). We next consider whether the error was harmless.

**C. Application of Harmless Error**

Ms. Lozano argues that this case constitutes one of those unusual circumstances in which a defendant who has proceeded to trial is nonetheless eligible for a reduction for acceptance of responsibility under § 3E1.1. Application note 1 to § 3E1.1 provides that "[i]n determining whether a defendant qualifies under subsection (a), appropriate considerations include . . . truthfully admitting the conduct comprising the offense(s) of conviction . . . and . . . the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.") (Paragraphs (a) and (h), respectively). Ms. Lozano points out that on the day of her arrest, she voluntarily talked to law enforcement and admitted her culpability for the two distribution offenses of which she was convicted. She suggests that although she only contested the conspiracy charge, she had to proceed to trial on all three counts.

Ms. Lozano argues that the court was also correct to consider her acquittal on the conspiracy charge. In *United States v. Rodriguez*, 975 F.2d 999, 1009 (3d Cir. 1992), the Third Circuit remanded the consolidated cases of two defendants for resentencing in part so the district court could consider the reasons why they had refused to plead to the entire indictment, "along with the apparent validity of those reasons." The court noted that one defendant had refused to plead guilty to the full charges against him in order to contest his guilt as to a gun possession count and that "[h]e was *vindicated by his acquittal* on that charge." *Id.*

-10-

(emphasis added).  Ms. Lozano suggests that the district court might very well apply the two-level downward adjustment on remand.

If Ms. Lozano is correct, her advisory guidelines range would be lowered from 63-78 months to 57-71 months.   Ms. Lozano was sentenced to 63 months. She maintains that under our precedent, when guideline ranges overlap and the sentence imposed was at the bottom of applicable range, this court cannot assume the district court would have imposed the same sentence on remand.  *Brown*, 316 F.3d at 1159 ("Where the sentencing error caused an increase in the applicable adjustment level, the fact that guideline ranges overlap does not make a plain error harmless.") (internal quotation marks omitted).  Moreover, the district court sentenced her at the bottom of the advisory guideline range, which may suggest it was giving her the lowest sentence possible.  *See, e.g.*, *Conlan*, 500 F.3d at 1170 ("Mr. Conlan was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines."); *Labastida-Segura*, 396 F.3d at 1143 (same).

Ms. Lozano further observes that Application note 1 to § 3E1.1 also provides that "post-offense rehabilitative efforts (e.g., counseling or drug treatment)" are appropriate considerations supporting a finding of acceptance of responsibility.  § 3E1.1, cmt. n.1(g).  Ms. Lozano underscores her efforts at rehabilitation during the period of her pretrial incarceration, which the district

court also noted.

In response, the government argues that Ms. Lozano would not receive a lower sentence on remand. First, it argues that the adjustment is not meant to benefit a "defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." USSG § 3E1.1 cmt. n.2. The government avers that this court has sparingly approved the two-level adjustment exception to a defendant who proceeds to trial, citing *Herron*, 432 F.3d at 1139 (holding "we would find an abuse of discretion if the district court *had* granted the downward adjustment").

The government also invokes *United States v. Gauvin*, 173 F.3d 798, 806 (10th Cir. 1999). There, we upheld a district court's downward adjustment under § 3E1.1 when the defendant admitted to his criminal conduct in testimony at trial but disputed whether he had the necessary mens rea. The government argues that, key to the *Gauvin* result, unlike here, was the defendant's admission to all facts pertaining to the crime, disputing only the "the legal element of intent." *Id*. According to the government, we have held in numerous other cases that any defendant who "attempted at trial to deny a key factual element of the crime . . . forfeited his claim to an adjustment under § 3E1.1." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1281 (10th Cir. 2004). And in *Brown*, we found the error insufficient to implicate plain error. According to the government, because Ms. Lozano did not admit factual guilt on the two

distribution charges on which the jury convicted her, the district court's error in awarding the one-level reduction is harmless.

We acknowledge, as the government points out, that when a defendant proceeds to trial, the circumstances justifying the two-level downward adjustment under § 3E1.1 are rare. However, we cannot hold the district court's error in awarding a one-level reduction to be harmless. We note that here the district court sentenced Ms. Lozano at the very bottom of the advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly constrained by the guidelines. *See Conlan*, 500 F.3d at 1170; *United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005); *Labastida-Segura*, 396 F.3d at 1143. Moreover, at the sentencing hearing, the district court explicitly recounted Ms. Lozano's pre-trial rehabilitation efforts, and the likelihood of her participation in the Residential Drug Abuse Program. Had the district court understood that its choices under § 3E1.1 was either zero points or two points, it very well may have selected two points. Or, the court might have reached the same results through application of the § 3553(a) factors.

Given these observations, the fact that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," *see* USSG § 3E1.1 cmt. n.5, and the district court's empowerment to use its discretion to fashion a sentence it deems appropriate when it considers § 3553(a)'s factors, we conclude that our hazarding a guess as to what the district court would do upon

resentencing absent the erroneous downward adjustment under § 3E1.1 "places us in the zone of speculation and conjecture." *Labastida-Segura*, 396 F.3d at 1143. Thus, the district court's error in applying USSG § 3E1.1 was not harmless.

## III. CONCLUSION

Accordingly, we **VACATE** and **REMAND** for resentencing.