**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SERGIO ALVAREZ,

     Defendant-Appellant.

No. 12-3238

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:11-CR-10074-EFM-1)**

---

John K. Henderson, Jr., Assistant Federal Public Defender, Wichita, Kansas, for
Defendant-Appellant.

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States
Attorney with him on the briefs), Topeka, Kansas, for Plaintiff-Appellee.

---

Before **TYMKOVICH, EBEL,** and **MATHESON,** Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Defendant-Appellant Sergio Alvarez was charged with one count of possession with intent to distribute methamphetamine and one count of conspiracy to distribute methamphetamine. He pleaded guilty to the count charging possession with intent to distribute, but he refused to plead guilty to the related conspiracy count and was convicted after a trial. The sole issue on appeal is whether the district court erred when it denied him an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Finding no error, and exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## BACKGROUND

A Wichita, Kansas grand jury charged appellant Sergio Alvarez ("Sergio") in a two-count indictment with (1) possession with intent to distribute more than 400 grams of methamphetamine, and (2) conspiracy to distribute more than 400 grams of methamphetamine. The charged conspiracy involved three members: Sergio; Sergio's brother, Mario Alvarez ("Mario"); and Mariano Herrera ("Herrera"). For reasons known only to Sergio, he pled guilty to the first count (possession with intent to distribute), but decided to go to trial on the second (conspiracy).[1]

During a three-day trial in the United States District Court for the District of Kansas, the jury heard the following: In May 2011, a government informant introduced

---

[1] The government speculates that Sergio refused to plead guilty to the conspiracy count because he "didn't want to be seen as somebody who was going to 'tell on' others involved." R. Supp. Vol. I at 67.

2

undercover detective Eddy Padron to Sergio at Sergio's residence, where the three discussed and arranged a methamphetamine transaction to take place the following day. During the discussion, Sergio called the second member of the charged three-person conspiracy, Herrera, to "bring [a] sample" of methamphetamine. R. at 77-78. Herrera arrived in a red Saturn with .5 grams of methamphetamine for Padron. Herrera remained present while Padron and Sergio agreed to the details of the following day's transaction.

The next day, at a pre-arranged location, Padron met up with Sergio and Herrera, who arrived together in the red Saturn Herrera had been driving the day before. Sergio got out of the vehicle, and then Herrera departed to retrieve the agreed-upon amount of methamphetamine. Herrera soon returned with the third member of the charged three-person conspiracy, Sergio's brother Mario. When Mario and Herrera exited the vehicle, Padron noticed a large baggie of methamphetamine protruding from Mario's shorts. Sergio ordered Herrera to open the Saturn's trunk, and then Mario placed the drugs— 436.5 grams of 95% pure methamphetamine—inside the trunk for Padron to examine. On Padron's signal, police descended upon and arrested Sergio, Mario, and Herrera.

Both before and during trial, Sergio admitted his own possession and intent to distribute the methamphetamine; but he maintained that there was never any agreement to do the same between himself, Herrera, and Mario, and thus that he was innocent of the conspiracy charge. After the jury convicted Sergio on the conspiracy charge, he objected to the presentence report (the "PSR") on the basis that it did not provide for a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Sergio argued that, in spite of

his having gone to trial on the conspiracy charge, under the Guidelines, the court could

exercise its discretion to grant him a § 3E1.1 reduction because he had always admitted

the facts which allowed the jury to infer conspiratorial agreement; he had merely

contested the "legal culpability of [those] acts." The district court overruled Sergio's

objection to the PSR, sentencing him to 210 months on each count, to be served

concurrently.

## DISCUSSION

A sentence is procedurally unreasonable if the district court incorrectly calculates

the Guidelines sentence. United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008).

If a sentence is determined to be procedurally unreasonable, remand is warranted unless

the error is harmless, "that is, unless the error in calculating the Guidelines range did not

affect the sentence selected." United States v. Tom, 494 F.3d 1277, 1282 (10th Cir.

2007). Sergio claims that the district court committed legal error when it allegedly

determined, in contravention of the plain text of the Guidelines commentary, that a §

3E1.1 reduction is never available to a defendant who decides to go to trial.[2] Aplt. Br. at

12; see U.S.S.G. § 3E1.1, comment n.2 (stating that a "[c]onviction by trial . . . does not

---

[2] In support of that claim, Sergio points only to the district court's statement that "certainly, I guess, the [G]uidelines give me discretion because under recent court determinations I have discretion to not follow the guidelines. But I think it's clear in this case that the defendant went to trial on Count 2, did not accept responsibility for Count 2." R. Supp. Vol. I at 68 (emphasis added). We think it unlikely that by its statement the district court meant to suggest that the fact of a trial precludes application of § 3E1.1 in all cases. Nevertheless, we will assume that here for the sake of argument.

4

automatically preclude a defendant from consideration for such a reduction"). We conclude that any such error was harmless in this case, because the § 3E1.1 reduction was categorically unavailable Sergio, who to this day has never accepted responsibility by admitting the fact of conspiratorial agreement, and who put the government to its burden of proof at trial on that factual element of guilt.

Under the Guidelines, a defendant can qualify for a decrease in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. The commentary to § 3E1.1 underlines that the provision is not ordinarily meant to apply where a defendant puts the government to a trial:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.

U.S.S.G. § 3E1.1 cmt. n. 2. However, "[c]onviction by trial . . . does not <u>automatically</u> preclude a defendant from consideration for such a reduction," <u>id.</u> (emphasis added). The comments carve out an exception to the general rule in the

> rare situations [where] . . . , for example, [] a defendant goes to trial to assert and preserve issues that <u>do not relate to factual guilt</u> (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1 cmt. n. 2 (emphasis added). But in all cases, in order to receive a § 3E1.1 reduction, a defendant must show "recognition and affirmative acceptance of personal responsibility for his criminal conduct." <u>See</u> <u>United States v. Mitchell</u>, 113 F.3d

1528, 1534 (10th Cir. 1997) (internal quotation marks omitted).

This case does not present one of those "rare situations" where the § 3E1.1 reduction remains available after a trial, because Sergio has never shown "recognition and affirmative acceptance," id., for all of the criminal conduct of which he was accused. Sergio has consistently denied the fact of an agreement with his co-conspirators to possess and distribute methamphetamine. See, e.g., R. at 315 (arguing in closing that "Mr. Alvarez is not guilty of reaching an agreement with either of the other two defendants"). This denial "put the government to its burden" on the very most "essential factual element[] of guilt" necessary to sustain a conviction for conspiracy—the element of agreement. See United States v. Broce, 488 U.S. 563, 570 (1989) ("In a conspiracy charge, the term 'agreement' is all but synonymous with the conspiracy itself . . . ."); accord United States v. Harrison, 942 F.2d 751, 755 (10th Cir. 1991) ("The core of a conspiracy is an agreement to commit an unlawful act."). Thus, in this case, the § 3E1.1 reduction was unavailable to Sergio as a matter of law.

Sergio unpersuasively attempts to characterize his denial of the agreement element as one concerning the "legal interpretation of what [the other facts he admitted] meant," namely, whether "those [facts] constitute[d] a conspiracy," R. Supp. Vol. I at 64. But the lack of any direct evidence of an agreement does not render the jury's inference of an agreement from admitted circumstantial evidence any less a finding of fact. See United States v. Acosta-Gallardo, 656 F.3d 1109, 1124 (10th Cir.) ("Whether sufficient evidence was presented to establish a single conspiracy is a question of fact for the jury to

6

decide."), cert. denied, 132 S. Ct. 540 (2011); cf. 5 C.J.S. Appeal and Error § 819 ("A mixed question exists when there is a dispute both as to inferences drawn from raw facts and as to the meaning of a statutory term." (emphasis added)).

Sergio attempts to gain traction for his "legal interpretation" argument from this court's decision in United States v. Gauvin, 173 F.3d 798 (10th Cir. 1999), "the one case in which we approved [application of § 3E1.1 after trial]," United States v. Sims, 428 F.3d 945, 961 (10th Cir. 2005). In Gauvin, we upheld an offense-level reduction under § 3E1.1 after the defendant proceeded to trial to contest only the element of intent—ordinarily understood to be a "quintessential factual question," United States v. Bohl, 25 F.3d 904, 909 (10th Cir. 1994). But importantly, the defendant in Gauvin "contended that his drunkenness rendered him [legally] incapable of forming the requisite mens rea," which was "essentially a challenge to the applicability of the statute to his conduct." Gauvin, 173 F.3d at 806 (emphasis added). And we have since recognized that while a defendant who proceeds to trial to challenge "whether [his] acknowledged factual state of mind met the legal criteria of intent" may, in rare cases, be eligible for a § 3E1.1 reduction, a defendant who disputes the "factual element of intent" itself will not. See United States v. Tom, 494 F.3d 1277, 1281 (10th Cir. 2007) (emphasis added) (holding that because the defendant "claim[ed] he lacked the requisite mens rea for guilt," he "contested the factual basis of the charge against him" and was thus "ineligible for the § 3E1.1 reduction, regardless of whether [he] admitted his participation in the events leading to [the actus reus underlying his conviction]" (emphasis added)). Here, Sergio's

7

state of mind was not "admitted"; rather, he contested whether he agreed with his co-conspirators to distribute methamphetamine. Thus, his reliance on Gauvin is unavailing.[3]

In holding that § 3E1.1 categorically was unavailable to Sergio in this case, we emphasize again that Sergio has never accepted responsibility for all of his conduct in connection with the conspiracy charged, because he has always maintained that he never agreed to join it. Cf. United States v. McKinney, 15 F.3d 849, 851-52 (9th Cir. 1994) (holding, where the defendant had "confess[ed], assist[ed] authorities, and attempt[ed] to plead guilty" to the crime for which he was ultimately convicted, and where there was "little doubt that [he] would have entered a guilty plea had the trial judge afforded him an opportunity to do so," the defendant was entitled to the § 3E1.1 reduction).[4] Nor has he

---

[3] We also reject Sergio's attempt to characterize United States v. Lozano, 514 F.3d 1130 (10th Cir. 2008), as standing for the broad proposition that § 3E1.1 remains available where a defendant goes to trial to dispute only the element of conspiratorial agreement. In Lozano, the defendant offered to plead guilty to two counts of distribution of cocaine but refused to plead guilty to a count of conspiracy to distribute cocaine, and so the government rejected the defendant's offer and put him to a trial on all three charges. Id. at 1131. The jury convicted the defendant on the distribution counts but acquitted him on the conspiracy count. Id. Accordingly, we recognized the potential availability of the § 3E1.1 reduction under the unique circumstances of that case. Id. at 1135-36; see U.S.S.G. § 3E1.1 cmt. n. 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." (emphasis added)). The fact of Sergio's conviction on the conspiracy count in this case renders Lozano inapposite.

[4] In McKinney, the defendant apparently did not attempt to plead guilty to a related conspiracy charge, and he refused to implicate his co-conspirators when questioned by the FBI. McKinney, 15 F.3d at 854 ("The presentence report stated that McKinney 'indicate[d] that he cannot place the blame of his behavior on others, as it was

Continued . . .

offered any reason, other than his own innocence, for his refusal to plead guilty to that charge. Compare United States v. Nunez-Rodriguez, 92 F.3d 14, 22 (1st Cir. 1996) ("[S]hould the court determine that a defendant has not identified his accomplices because he genuinely fears retaliation, but that the defendant's conduct otherwise demonstrates genuine remorse, a downward adjustment under section 3E1.1 might yet be found appropriate . . . ."), with United States v. Hernandez, 330 F.3d 964, 985 (7th Cir. 2003) (affirming the court's refusal to apply § 3E1.1 where the defendant asserted a "wrong place at the wrong time" defense to involvement in a conspiracy and did "not provide[] us with any reason to believe that he went to trial for any other reason than to deny his factual guilt").

---

Cont.

he that made the mistake.'"). The court there held that "[e]ven if McKinney's failure to plead guilty to the conspiracy charge was motivated by a conscious decision not to incriminate his co-conspirators, his actions were still consistent with a sincere acceptance of responsibility for his own conduct." Id. Importantly, however, the court stated that "[b]ecause it was undisputed that several people took part in the bank robbery, the admissions McKinney made were tantamount to an admission that he committed the conspiracy offense as well." Id. (emphasis added). We doubt that, on the same facts, we would have reached the same conclusion as the Ninth Circuit regarding the defendant's acceptance of responsibility, unless the defendant had actually admitted to and accepted responsibility for his own attempt to agree to join in the conspiracy charged. In any event, Sergio's admissions in this case were not "tantamount to an admission that he committed the conspiracy offense," id., and so we need not decide that question today.

9

**CONCLUSION**

For the foregoing reasons, under the circumstances of this case, § 3E1.1 was unavailable to Sergio as a matter of law.  We AFFIRM.