**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.                                                                         No. 21-1286

FELIPE NEVAREZ,

    Defendant - Appellant.

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:19-CR-00271-REB-JMC-1)**

_____

Submitted on the briefs:*

James L. Hankins of Edmond, Oklahoma for Defendant - Appellant.

Karl L. Schock, Assistant United States Attorney (Cole Finegan, United States Attorney with him on the brief), of Denver, Colorado for Plaintiff - Appellee.

_____

Before **McHUGH**, **BALDOCK**, and **MURPHY**, Circuit Judges.

_____

**BALDOCK**, Circuit Judge.

_____

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

In April 2019, police found Defendant Felipe Nevarez in possession of approximately 26 grams of methamphetamine and $16,300 in cash. The Government sought and obtained an indictment charging Defendant with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Defendant's case was delayed numerous times, first through a series of pre-trial continuances resulting from motions, counsel withdrawals, and plea negotiations before the onset of the COVID pandemic prompted further delay. When Defendant's case eventually proceeded to trial in April 2021, Defendant conceded possession of methamphetamine and only put the Government to its burden of proof on the issue of intent to distribute. Unpersuaded by Defendant's argument that the Government's investigation failed to produce many of the traditional hallmarks of drug dealing, the jury convicted Defendant as charged. Thereafter, the district court sentenced Defendant to 120 months' imprisonment.

Now, Defendant appeals and asks us to reverse his conviction and dismiss the indictment based on a violation of the Speedy Trial Act or, in the alternative, remand his case for resentencing on the grounds that the district court erred by denying him an offense level reduction for acceptance of responsibility. Exercising jurisdiction under 28 U.S.C. § 1291, and for the reasons stated, we reject Defendant's arguments and **AFFIRM** the district court's judgment.

I.

We begin by considering Defendant's first challenge—that his conviction should be reversed and the indictment dismissed for Speedy Trial Act violations because the district

court inappropriately granted the Government's motion to exclude time related to COVID delays from the time restrictions imposed by the Act.

The Speedy Trial Act gives effect to a Defendant's Sixth Amendment right to a speedy trial. *See United States v. Lugo*, 170 F.3d 996, 1000–01 (10th Cir. 1999) (citing *United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998)). To accomplish that objective, the Speedy Trial Act requires the district court to try a defendant's case within seventy days of either his indictment or first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The seventy-day requirement, however, is not violated by a straight count from the start date. Instead, numerous exceptions and exclusions may extend the actual time between the start date and the commencement of trial far beyond seventy days. 18 U.S.C. § 3161(h). Additionally, the Speedy Trial Act provides that the remedy for a violation of its requirements is dismissal of the defendant's indictment—either with or without prejudice. 18 U.S.C. § 3162(a)(2). But dismissal is not automatic. The Speedy Trial Act affirmatively places the burden on the defendant to seek dismissal of the indictment through a properly supported motion. "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." *Id.*

We review the district court's decision to grant an ends-of-justice continuance because of the COVID pandemic—as the district court did here—for abuse of discretion and its compliance with the Speedy Trial Act's procedures and legal standards de novo. *United States v. Watson*, 766 F.3d 1219, 1228 (10th Cir. 2014). Because we must first consider whether Defendant waived any objection to a Speedy Trial Act violation, our

initial review is de novo.  The Government argues Defendant failed to comply with

§ 3162(a)(2)'s motion requirement because he did not file a formal motion to dismiss and

"[n]either an opposition to a motion for continuance nor an assertion of the defendant's

speedy trial right in such an opposition is sufficient."  Appellee's Br. 15.

Defendant, however, believes he satisfied § 3162(a)'s motion requirement, at least

as interpreted under our precedents.  He contends that an exchange between his counsel

and the district court at a status conference on February 17, 2021, is sufficient to overcome

any waiver claim and preserve the issue for review on appeal.  Appellant's Reply Br. 5–7.

In that exchange, Defendant's counsel stated:

> Your Honor, I've had some extensive discussions with Mr. Nevarez . . . . I've
> explained to him the case law as I understand it, coming out of the Ninth
> Circuit and some other places that the appropriate emergency provision of
> the Speedy Trial Act that may or may not be implicated by the pandemic and
> the reality of Chief Judge Brimmer's orders.  I will tell the Court that Mr.
> Nevarez objects to his trial being beyond speedy trial, *which, of course, is
> tomorrow*, but understands the situation.  But I—essentially, what I'm maybe
> saying inartfully [sic], Your Honor, is I don't—he does object to that for the
> record and wants to preserve that issue, which I certainly understand and do
> on his behalf.

(emphasis added).  The court responded by simply stating "[v]ery well."  According to

Defendant, this statement from his counsel complies with the requirements of our previous

decision in *United States v. Arnold*, 113 F.3d 1146 (10th Cir. 1997), *abrogated in part on

state-law grounds by State v. Gould*, 23 P.3d 801 (Kan. 2001).  There, we broadened the

definition of a "motion" under § 3162(a) to include more than formally filed motions to

dismiss.  *See Arnold*, 113 F.3d at 1149.  We concluded that the defendant had satisfied the

4

motion requirement through an oral statement during an on-the-record conference where

the defendant's counsel informed the district judge that:

> Your Honor, there is one other thing . . . . As I look through this file and as
> my client looked through, he thinks there's a speedy trial issue . . . From June
> 15th to August 24th is the passage of time which he believes should be
> counted towards violation of the Speedy Trial Act.

*Id.* at 1149.  In reaching that conclusion, we also made clear that the district judge's *express*

*acceptance* of that statement as a motion was a significant factor in our decision.  *See id.*

("The district court itself acknowledged the adequacy of appellant's presentation."); *Lugo*,

170 F.3d at 1001 ("In *Arnold*, when the defendant brought up the Speedy Trial Act issue

in chambers conference, the district court *explicitly acknowledged* that it would accept the

discussion as a formal motion to dismiss." (emphasis added)).

Defendant's argument is straightforward.  Because his counsel's statement closely

resembles the statement we deemed acceptable in *Arnold*, he complied with § 3162(a) and

the Speedy Trial issue has not been waived.  Unsurprisingly, the Government urges us to

reject Defendant's argument and would have us look to several of our other decisions and

rely on them to conclude that the statements of Defendant's counsel were insufficient.  We

need not resolve the parties' disagreement on this front, however, because both parties

ignore a simple, but dispositive fact about the statements in question:[1]  Even if we assumed

that the exchange between Defendant's counsel and the district judge at the status

---

[1] It is beyond question that "[w]e can affirm a lower court's ruling on any grounds
adequately supported by the record, even grounds not relied upon by the district court."
*Elwell v. Byers*, 699 F.3d 1208, 1213 (10th Cir. 2012) (citing *Dummar v. Lummis*, 543 F.3d
614, 618 (10th Cir. 2008)).

conference satisfied *Arnold's* generous standard, Defendant's argument fails to account for another requirement necessary to satisfy § 3162(a)(2)—timeliness. Meeting the requirements of § 3162(a)(2) is not simply a question of presenting a "motion" in a form that this Court deems satisfactory, it is also a question of presenting it at the right time. Premature motions will not suffice. An actual violation of the Speedy Trial Act must exist *at the time the motion is made*. *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014) (Sutton, J.); *United States v. Tolliver*, 949 F.3d 244, 247 (6th Cir. 2020) (per curiam). After all, "a motion for dismissal [under the Speedy Trial Act] is effective only for periods of time which antedate [its] filing." *Sherer*, 770 F.3d at 411 (alterations in original) (quoting *United States v. Connor*, 926 F.2d 81, 84 (1st Cir. 1991)). When a defendant moves to dismiss an indictment based on a Speedy Trial Act violation that has yet to occur, that motion cannot succeed and "'[t]he right to challenge any subsequent delay is waived' unless the defendant brings a new motion to dismiss." *Id.* (quoting *United States v. Wirsing*, 867 F.2d 1227, 1230 (9th Cir. 1989)).

Here, Defendant's purported motion was premature. Defendant's counsel raised his Speedy Trial Act objection at a status conference on February 17, 2021. Both parties agree that, at the time the status conference was held, the Speedy Trial deadline had been tolled through February 18, 2021. Appellant's Br. 11–13; Appellee's Br. 8; Appellant's Reply Br. 5, 5 n.1. At a minimum, then, an actual violation of the Speedy Trial Act could not

have occurred until February 18, 2021, at the earliest.[2]  Defendant nevertheless elected to raise the issue both before the violation occurred and before the Government moved to exclude additional time under § 3161(h)(7)(A).  But "[t]he proper course was to challenge the continuance on day seventy-one (or later), a course [Defendant] never took."  *Sherer*, 770 F.3d at 411.  Defendant's failure to take the proper course of action precludes us from accepting the statements of his counsel at the February 17 status conference as a "motion" that complies with § 3162(a).  Accordingly, we conclude Defendant waived his challenge under the Speedy Trial Act by failing to timely move to dismiss his indictment in a manner that complies with the statute and our precedents.

## II.

We next consider Defendant's second claim—that the district court erred when it denied him an offense-level reduction under U.S.S.G. § 3E1.1(a) for "clearly demonstrat[ing] acceptance of responsibility for his offense."  Before sentencing, Defendant objected to the Presentence Report ("PSR") because it did not include a two-level reduction in his offense level under § 3E1.1.  Defendant argued he "admitted that he possessed the drugs at issue, thus accepting responsibility for a federal felony," and was therefore entitled to the offense-level reduction.  The district court disagreed and found "both as a matter of fact and law that" the PSR was correct.  In making this finding, the

---

[2] We need not determine the date when a violation of the Speedy Trial Act would have occurred in this case because it could not have been violated before February 18, 2021 and Defendant's "motion" preceded that date.

district court noted "the defendant mounted a defense around simple possession, and denied specifically one of the chief material and essential elements of the crime charged."

Now, Defendant renews his objection to the PSR on appeal.  He acknowledges, however, that he faces an uphill battle on this front, because neither the Application Notes to § 3E1.1 nor the precedents of our Court favor his position.  Both parties direct us to Application Note 2, which states "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. n.2.  At first blush, this statement appears to foreclose Defendant's argument entirely.  But the Application Note goes on to explain that "[c]onviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." § 3E1.1 cmt. n.2.  Those "rare situations" may include going "to trial to assert and preserve issues that do not relate to factual guilt" such as challenging the constitutionality of a statute.  § 3E1.1 cmt. n.2.  Defendant argues his case represents one of the "rare situations" where the adjustment is appropriate because he sufficiently accepted responsibility for his criminal conduct by only contesting the intent to distribute rather than the possession of methamphetamine.  Appellant's Br. 21.

Our precedents do not favor Defendant's argument.  "Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." *United States v. Gauvin*, 173 F.3d 798, 805 (10th Cir. 1999) (citing *United States v. Mitchell*, 113

8

F.3d 1528, 1533 (10th Cir. 1997)).  Moreover, "the determination of the sentencing judge is entitled to great deference on review" because of the judge's "unique position to evaluate a defendant's acceptance of responsibility." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

The simple truth is that because of this standard and the Application Notes to § 3E1.1, the type of relief Defendant seeks is rarer than hen's teeth.  Defendant could only point us to one case where we have allowed a defendant to obtain an offense-level reduction for acceptance of responsibility despite putting the Government to its burden of proof at trial.  *See Gauvin*, 173 F.3d 798.  In that case, the district court granted the defendant the offense level reduction in question because, as we explained, he "admitted to all the conduct with which he was charged" and "simply disputed whether his acknowledged factual state of mind met the legal criteria of intent to harm or cause apprehension." *Id.* at 806.  We held the district court's decision "was not clearly erroneous." *Id.*  In reaching that conclusion, we made clear that while we "might not have reached the same decision . . . the deference afforded the sentencing judge" compelled us to affirm. *Id.*  Our later decisions confirm that the main takeaway from *Gauvin* is not that a defendant is necessarily entitled to an offense level reduction under § 3E1.1 when they can present similar factual circumstances to that case, but that the deference we show sentencing judges will usually resolve such cases in favor of the district judge's conclusion. *United States v. McGehee*, 672 F.3d 860, 877 (10th Cir. 2012) ("We did not indicate that other sentencing courts would be obliged to reach the same conclusion on similar facts.  In other words, giving other

sentencing courts the same degree of deference, we might well uphold their decisions on similar facts to *deny* the acceptance-of-responsibility adjustment.").

In line with this principle, we have affirmed district court decisions denying defendants offense level reductions under § 3E1.1 in circumstances that are factually analogous to Defendant's case. *United States v. Collins*, 511 F.3d 1276 (10th Cir. 2008) is particularly instructive. There, the defendant had been charged with possession of marijuana and cocaine with intent to distribute. *Id.* at 1277–78. The defendant offered to plead guilty to a lesser charge of simple possession, but the Government rejected his proposal. *Id.* at 1278. At trial, the defendant admitted possession and challenged intent to distribute. *Id.* Unlike the case we consider today, this strategy worked in *Collins* and the defendant was only convicted of simple possession. *Id.* at 1278, 1279. On appeal, the defendant argued that his offer to plead guilty to the lesser offense of simple possession (the offense of actual conviction) should have entitled him to the § 3E1.1 offense level reduction. *Id.* at 1279. We rejected that argument. We explained that "the district court could reasonably have concluded that [the defendant's] offer to plead guilty and his admissions at trial were strategic, rather than evidence of true acceptance responsibility." *Id.* at 1280. We also emphasized *Gauvin*'s principle that the sentencing judge's decisions are "entitled to great deference on review." *Id.* at 1281 (quoting *United States v. Hamilton*, 413 F.3d 1138, 1145 (10th Cir. 2005)).

Similarly, in *United States v. Alvarez*, we considered whether a defendant charged with possession of methamphetamine with intent to distribute and conspiracy to distribute methamphetamine was entitled to an offense level reduction under § 3E1.1 when he only

contested the existence of an agreement to distribute methamphetamine at trial. 731 F.3d 1101, 1102–03 (10th Cir. 2013). We concluded that the district court had not erred in denying the defendant the offense level reduction because the defendant had "never shown 'recognition and affirmative acceptance' . . . for all of the criminal conduct of which he was accused." *Id.* at 1104 (quoting *Mitchell*, 113 F.3d at 1534).

Defendant recognizes the weight of our precedent counsels against reversing the district court's decision. Nevertheless, Defendant contends that the district court erred in concluding he was not entitled to the § 3E1.1 offense level reduction as a matter of law. To support this argument, Defendant first attempts to factually distinguish our precedents. Our review of those precedents shows, however, that factual distinctions are unavailing when the key principle is that we defer to the sentencing judge's resolution of the issue in all but the most unusual of circumstances. We nevertheless disagree with the district court's finding that Defendant was not entitled to the § 3E1.1 offense level reduction "both as a matter of fact and law." While the conclusion that such a claim can fail as a matter of law appears to have support in at least one of our decisions, *see Alvarez*, 731 F.3d at 1104, we had already established that the question at hand is a factual one long before *Alvarez* was written. *See, e.g.*, *Gauvin*, 173 F.3d at 805; *Collins*, 511 F.3d at 1279; *United States v. Marquez*, 337 F.3d 1203, 1209 (10th Cir. 2003). Despite this error, the district court's mischaracterization is ultimately immaterial because the district court also made a factual finding that Defendant was not entitled to the offense level reduction. We cannot conclude that the district court clearly erred in making that finding based on Defendant's attempt to distinguish our precedents.

That leaves Defendant's second line of attack.  Presenting us with a policy argument, Defendant asserts the decisions of our Court should promote conduct by defendants that eases the jury's burden rather than simply focusing on the "make-things-easier for the Government policy encompassed by the Guideline." Appellant's Br. 25.  We cannot accept Defendant's contention that the district court "committed legal error in rejecting his request for" the offense level reduction because it did not consider an alternate policy rationale that finds no support in the Sentencing Guidelines. *Id.*  As appellate judges, we are no more able to rewrite the policy rationales of the Sentencing Guidelines than we are able to put ourselves in the shoes of the sentencing judge and evaluate his decisions as a matter of first impression.  Whatever merit Defendant's argument may have, we are the wrong audience to consider it.  Accordingly, we conclude that Defendant's second argument misses the mark.

Because neither of Defendant's arguments demonstrate clear error, we affirm the district court's denial of the § 3E1.1 offense level reduction.

III.

For the foregoing reasons we reject Defendant's challenges and **AFFIRM** the district court's judgment.